NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELLIE J. PEEBLES, | No. 19-35688 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05728-BAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted October 9, 2020**
Seattle, Washington

Before: HAWKINS, GILMAN,*** and CALLAHAN, Circuit Judges.

Nellie J. Peebles appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We review the district court's order de novo and the Commissioner's decision for substantial evidence and legal error. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1.    Substantial evidence in the record supports the Administrative Law Judge's (ALJ's) Step Two finding that Peebles lacked a diagnosis of psoriatic arthritis. Peebles's examining rheumatologist specifically determined that she "does not have psoriatic arthritis," and a notation suggesting otherwise appears to have been based on Peebles's own reports, rather than an independent medical assessment. Because the evidence is, at most, "susceptible to more than one interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Furthermore, even if the ALJ erred in not listing psoriatic arthritis as a severe impairment, any such error was harmless because the ALJ accounted for Peebles's chronic pain symptoms in determining her residual functional capacity (RFC). *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) ("Step Two is merely a threshold determination meant to screen out weak claims [and] is not meant to

---

[1]    Because the parties are familiar with the facts of this case, we do not discuss them at length here.

identify the impairments that should be taken into account when determining the RFC.").

2.      The ALJ did not err in giving significant weight to the state medical consultant's opinion. True, the ALJ tempered the limitations recommended by the consultant, but she did so in Peebles's favor based on more recent evidence suggesting that Peebles's back pain had worsened since the consultant's 2015 evaluation. Peebles proceeds to argue that she is considerably more limited than the consultant's opinion suggests, but the ALJ reasonably concluded that the record did not support additional limitations.

3.      The ALJ provided specific, clear, and convincing reasons for partially discounting Peebles's testimony regarding the intensity, persistence, and limiting effects of her symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). The ALJ first explained that the medical evidence did not support Peebles's allegations of disabling levels of pain. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). The ALJ also permissibly determined that Peebles's activities and conduct at the hearing belied her testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("Even where

3

[a claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting [her] testimony to the extent that they contradict claims of a totally debilitating impairment."); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F. 3d 595, 600 (9th Cir. 1999) ("The inclusion of the ALJ's personal observations does not render the decision improper." (citation omitted)). Taken together, these were sufficient reasons to partially discount Peebles's complaints of pain.

4.    Peebles argues that the ALJ failed to include all her limitations when assessing her RFC. But because substantial evidence supports the ALJ's evaluation of the medical record, and because the ALJ properly discounted Peebles's testimony regarding the severity of her symptoms, substantial evidence also supports the ALJ's RFC determination.

**AFFIRMED.**